UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Cause No. 2:25-CR-85 |
| ) | |
| MICHAEL DECKINGA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

A **jury trial** in the above-named cause is hereby scheduled for **November 3, 2025 at 8:30 a.m. (C.S.T.) before the Honorable PHILIP P. SIMON, Judge of the United States District Court**.

## I. DISCOVERY

Within **seven (7) days after the arraignment**, the attorney for the United States and the Defendant's attorney shall confer, and upon request, the Government shall:

1. Permit Defendant's attorney to inspect or copy any written or recorded statements or confessions made by the Defendant, or copies thereof, within the possession, custody, or control of the Government;

2. Permit Defendant's attorney to inspect or copy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody, or control of the Government;

3. Permit Defendant's attorney to inspect or copy any relevant recorded testimony of the Defendant before a grand jury;

4. Permit Defendant's attorney to inspect and to copy or photograph books, papers, documents, data, tangible objects, buildings or places which are within the possession, custody, or control of the Government as provided in Rule 16(a)(1)(E);

5. Permit Defendant's attorney to inspect or copy the Federal Bureau of Investigation Identification Sheet indicating the Defendant's prior criminal record;

6. Permit Defendant's attorney to inspect or copy any exculpatory or mitigating evidence; and

7. Be permitted any reciprocal disclosure provided in Rule 16 which is in the possession, custody, or control of the Defendant or his attorney.

If any party declines upon request to provide the above discovery, the declination must be in writing and must specify the reasons disclosure is declined.

In the event the Defendant moves for additional discovery or inspection, his motion shall be filed within the time set for pretrial motions and shall contain:

1. A statement that a conference was held and the date;

2. The name of the government attorney with whom the conference was held; and

3. A statement that agreement could not be reached concerning the discovery matters which are the subject of the motion.

## II.  PRETRIAL MOTIONS

**All pretrial motions specified in Fed. R. Crim. P. 12(b)**, including, but not limited to:

1. motion for severance;

2. motion for a bill of particulars or more definite statement;

3. motion to strike any portion of the indictment;

4. motion to dismiss the indictment or any portion thereof; and

5. motion to suppress evidence

must be filed with the clerk of the district court within **twenty-eight (28) days following the date of arraignment**.  The government **MUST** file a written response within **fourteen (14) days**; failure to do so will be deemed the government's admission that the relief requested by defendant should be granted.

**Motions in limine, and other trial-related motions, shall be filed no later than the date of the final pretrial conference**.  The presiding judicial officer shall establish a briefing

schedule for the motion at the final pretrial conference. Any motion filed after the date of the final pretrial conference will be summarily denied unless the memorandum in support of the motion establishes **good cause** why the motion could not have been filed by the final pretrial conference deadline.

### III.  FINAL PRETRIAL CONFERENCE

This matter is set for an in-person **Final Pretrial Conference on October 17, 2025 at 9:30 a.m. (C.S.T.), before the Honorable John E. Martin, United States Magistrate Judge, which will require the attendance of lead counsel in-person**.

Prior to the pretrial conference, the parties shall meet and agree upon a joint statement of the case and, to the extent possible, a complete set of jury instructions. **On or before the date of the pretrial conference,** the parties (or an agreed representative of all parties) shall <u>**file**</u> with the court the following, with copies in the form of either Word or WordPerfect documents <u>**e-mailed**</u> to simon_chambers@innd.uscourts.gov:

1. (a) Their agreed set of jury instructions, with authority cited for each instruction, and (b) each party's separate set of proposed jury instructions upon which agreement could not be reached, with cited authority and an explanation of the reason(s) for disagreement for each (except nothing herein requires the defense to discuss or provide an instruction on theory of the case prior to trial);
2. Their joint statement of the case, signed by an attorney for each party; and
3. Each party's proposed voir dire questions formatted so that each question is on its own page.

To the extent that this order diverges from the requirements of Local Criminal Rule 30-1, this order shall supersede.

At the pretrial conference the parties should also be prepared to discuss and consider:

1. The general jury instructions given by the trial court;

2. Any special jury instructions requested by either party (Local Crim. Rule 30-1);

3. Proposed voir dire questions;

4. What facts, if any, that can be stipulated;

5. The expected length of trial;

6. The status of any pending motions or whether any additional motions are anticipated;

7. The identification and admissibility of exhibits;

8. Any anticipated legal or evidentiary problems -- e.g. Fed. R. Evid. 404(b);

9. The status of any plea negotiations between the parties and what reasons, if any, prevent these negotiations from being completed and filed with the District Court no later than five (5) working days before trial. Late pleas may result in the imposition of jury costs against the delaying party(ies) and/or counsel by the District Court.

10. *Jencks Act* materials;

11. Brady v. Maryland materials;

12. Tape recordings;

13. Expert witnesses;

14. Admissibility of prior convictions for impeachment purposes, Fed. R. Evid. 609(b);

15. Confessions or admissions, *Jackson v. Denno*, 378 U.S. 368 (1964);

16. *Bruton* problems, 391 U.S. 123 (1968);

17. *Echeles* problem, 352 F.2d 892 (7th Cir. 1965);

18. *Santiago* problems, 582 F.2d 1128 (7th Cir. 1978);

19. Pre-marking of exhibits and stipulations as to admissibility;

20. Number of peremptory challenges and manner of exercising same in case of joint defendants;

21. Identity of witnesses (a listing of witnesses in alphabetical order providing first and last names of each witness is due on morning of trial);

22. Order of questioning and presenting defenses among joint Defendants; and

23. Arrangements to have any Defendant in civilian clothes for trial. If Defendant is in custody, defense counsel must make sure civilian clothes are delivered to the Marshal's office at least one business day before the start of trial.

**ENTERED this 27th day of August, 2025.**

s/John E. Martin
Honorable John E. Martin
United States District Court Magistrate Judge

**CC:    AUSA**
**Defense Counsel**
**US Marshal**
**US Probation**
**Judge Simon**

[REVISED 6/2024]