UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 2:25-CR-85 |
| ) | |
| MICHAEL DECKINGA ) | |

### UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Comes now the United States of America by its counsel Adam L. Mildred, United States Attorney for the Northern District of Indiana, through Emily A. Morgan, Assistant United States Attorney, and moves for entry of a Preliminary Order of Forfeiture for the reasons set forth below:

1. On August 20, 2025, a federal grand jury sitting in the Northern District of Indiana returned an Indictment charging Defendant with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

2. The Indictment also sought forfeiture pursuant to 18 U.S.C. § 2253, of any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, including but not limited to: Samsung Galaxy A14 cell phone.

3. Based upon Defendant's conviction on January 20, 2026, and Defendant's consent to the forfeiture, the United States has established the

1

requisite nexus between the property and the offense to which Defendant has pled guilty. Accordingly, the following property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

4. The Court's jurisdiction is founded upon and 18 U.S.C. § 2253, which provides for criminal forfeiture of certain property of a person convicted of an offense under 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

5. Federal Rule of Criminal Procedure 32.2 provides, in relevant part:

> **(b)(1)(A) Forfeiture Determinations.** As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> **(b)(1)(B) Evidence and Hearing.** The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> **(b)(2)(A) Contents of a Specific Order.** If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the

2

property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(b)(2)(B) Timing.** Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(b)(3) Seizing Property.** The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Based upon Defendant's conviction on January 20, 2026, and a determination that the property was subject to forfeiture, the United States has established the requisite nexus between the property and the offense to which Defendant has been convicted. Accordingly, the following property is subject to forfeiture to the United States pursuant to, 18 U.S.C. § 2253: Samsung Galaxy A14 cell phone.

7. Pursuant to Fed. R. Crim P. 32.2(b)(6) and 21 U.S.C. § 853(n), and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules of Civil Procedure, the United States shall post on an official government internet site www.forfeiture.gov), for at least 30 consecutive days, notice of the Preliminary Order of Forfeiture to any person who reasonably appears to be a potential claimant with-standing to contest the forfeiture.

8.  The notice shall provide that any person, other than Defendant, having or claiming a legal interest in the forfeited property must file a petition with the Clerk, United States District Court, 5400 Federal Plaza, Hammond, Indiana 46320, and serve a copy on Emily A. Morgan, Assistant United States Attorney, 5400 Federal Plaza, Hammond, Indiana 46320, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described herein and authorize the Attorney General and/or

Department of Treasury, or a designee, to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

                                           Respectfully submitted,

                                           ADAM L. MILDRED
                                           UNITED STATES ATTORNEY

By:   */s/ Emily A. Morgan*
       Emily A. Morgan
       Assistant United States Attorney
       United States Attorney's Office
       Northern District of Indiana
       5400 Federal Plaza, Suite 1500
       Hammond, IN 46320
       Telephone: (219) 937-5500
       Fax: (219) 852-2770
       Email: Emily.Morgan2@usdoj.gov