UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CR-85 |
| | ) | |
| MICHAEL DECKINGA | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This matter having come before the Court upon Motion by the United States of America for the entry of a *Preliminary Order of Forfeiture:*

WHEREAS, on August 20, 2025, Defendant was charged in an Indictment with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). WHEREAS, Defendant received notice in the Indictment pursuant to Crim. R. 32.2's requirement of the government's intent to seek forfeiture;

WHEREAS, on January 20, 2026, Defendant was convicted of the sole count of the Indictment; and

WHEREAS, this Court has determined, based upon the evidence presented on January 20, 2026, that the property described herein is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the government has established the requisite nexus between such property and such offense;

Accordingly, it is ORDERED, ADJUDGED, and DECREED:

1. That Defendant Michael Deckinga shall forfeit to the United States of America, the following property: Samsung Galaxy A14 cell phone.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon the entry of this Order, the

1

United Attorney General or their designee, is authorized to seize the aforementioned property; to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture; and to commence proceedings that comply with any statutes governing third party rights.

3.     Pursuant to Rule 32.2.(b)(6) and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules of the Federal Rules of Civil Procedure, the United States shall post on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, notice of the Preliminary Order of Forfeiture. The United States shall also provide direct written notice of the Preliminary Order of Forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

4.     Any person, other than the above named Defendant, asserting a legal interest in the property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

5.     Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in subject property; and any additional facts supporting the petitioner's claim and relief sought.

6.     The petition must be filed with the Clerk, United States District Court, 5400 Federal Plaza, Hammond, Indiana 46320, and a copy served on Emily A. Morgan,

Assistant United States Attorney, 5400 Federal Plaza, Hammond, Indiana 46320, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED.

ENTERED: February 27, 2026.

    /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE