UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-CR-85 |
| | ) | |
| MICHAEL DECKINGA | ) | |

## JOINT STIPULATION AS TO RESTITUTION

The United States of America, by its counsel, Adam L. Mildred, United States Attorney for the Northern District of Indiana, through Emily A. Morgan, Assistant United States Attorney, Defendant Michael Deckinga, and Peter L. Boyles, attorney for Defendant, have entered into the following stipulations as to restitution:

1.     On January 21, 2026, Defendant entered a plea of guilty to Count One of the Indictment, charging him with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).

2.     Defendant agrees to pay restitution to the victims of the Indictment, in an amount determined by the Court, but no less than $3,000 per each victim pursuant to 18 U.S.C. § 2259.

3.     One group of victims in this case – who wish to be identified as "Ali," "Audrey," and "Layla" – have requested restitution from Defendant in an

1

amount of $3,000 each. These victims, through their counsel, have informed the Government that they agree to accept $3,000 each as payment of restitution from Defendant in this case.

4.      One victim in this case – who wishes to be identified as "Posey," has requested restitution from Defendant in an amount of $8,000. This victim, through their counsel, has informed the Government that they agree to accept $8,000 as payment of restitution from Defendant in this case.

5.      Another group of victims in this case – who wish to be identified as "April," "Maria," and "Sloane" – have requested restitution from Defendant in an amount of $10,000 each. These victims, through their counsel, have informed the Government that they agree to accept $10,000 each as payment of restitution from Defendant in this case.

6.      Defendant agrees that payment of restitution to these victims is appropriate because his criminal activity in this case directly and proximately contributed to the victims' psychological and emotional harm. *See Paroline v. United States*, 134 S.Ct. 1710, 1722 (2014); *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001). Defendant agrees that the restitution amounts specified above reflect Defendant's relative role in the causal process that underlies the victims' losses. Defendant further agrees that each victim has incurred or is reasonably projected to incur losses equal to or exceeding the

2

restitution amounts specified above and that each victim has not received restitution in the full amount of the victims' losses. *See* 18 U.S.C. § 2259(b)(2).

WHEREFORE, the parties respectfully request that the Court include the following or similar language regarding restitution in the judgment:

> The Court ORDERS Defendant Michael Deckinga to pay $3,000 each in victim restitution to the victims identified as "Ali," "Audrey," and "Layla"; $8,000 in victim restitution to the victim identified as "Posey"; and $10,000 each in victim restitution to the victims identified as "April," "Maria," and "Sloane," for a total restitution amount of $47,000, payable to the Clerk of the Court.

Additional information for the Clerk of the Court:

> For "Ali," payments should be made to "Moore & Van Allen PLLC (Ali)";

> For "Audrey," payments should be made to "Baker & Hostetler, LLP, ITF 'Audrey'";

> For "Layla," payments should be made to "OnderLaw, LLC, ITF 'Layla'";

> For "Posey," payments should be made to "Restore the Child I/T/F Posey";

> For "April," payments should be made to "Restore the Child in Trust for April";

> For "Maria," payments should be made to "Carol L. Hepburn ITF Maria";

3

For "Sloane," payments should be made to "Carol L. Hepburn ITF Sloane."

Respectfully submitted,

ADAM L. MILDRED
United States Attorney

*s/ Emily A. Morgan*
Emily A. Morgan
Assistant United States Attorney

*s/ Peter L. Boyles*
Peter L. Boyles
Attorney for Defendant

*s/ Michael Deckinga*
Michael Deckinga
Defendant

4