UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:25-CR-85 |
| | ) |
| MICHAEL DECKINGA | ) |

### GOVERNMENT'S SENTENCING MEMORANDUM

This case is the tale of two personas; the public facing Michael Deckinga (see Exhibit A), and the private facing "dantravels4work" or "danieltraveler" (see Exhibits B and C). By his own admission, Defendant was accessing child pornography using Kik [Messenger] for approximately five years (DE 39 ¶ 67), and as he admitted at his change of plea hearing, he was distributing child pornography from November 22, 2024, through on or about May 14, 2025. Further, as outlined in the Presentence Investigation Report (PSR), Defendant was graphically chatting with purported minors and individuals with access to minors. Amongst other statements, Defendant's own expert opined, "Throughout his treatment, Mr. Deckinga should not have access to the internet or be left unsupervised with children or adolescents." (DE 38, p. 20) For all of these reasons, a sentence of 228 months of imprisonment, followed by a supervised release term of 20 years, restitution in the amount of $47,000[1],

---

[1]    Subject to amendment, should any additional restitution requests be received prior to sentencing.

an assessment of $5,000 under 18 U.S.C. § 3014, a special assessment of $100 under 18 U.S.C. § 3013, and forfeiture of his cell phone at a later date, is appropriate.

## I.    Introduction & Possible Penalties

Defendant was arrested and charged by way of complaint on August 13, 2025, with distribution of child pornography (DE 1), and subsequently indicted on the same charge August 20, 2025 (DE 12). On January 21, 2026, Defendant pled guilty without a plea agreement to the Indictment (DE 12), that being distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). The minimum term of imprisonment for Count One is five years and the maximum term is 20 years. 18 U.S.C. § 2252A(b)(1). Pursuant to 18 U.S.C. § 3583(k), the Court shall impose a term of supervised release of five years to life. Additionally, Defendant faces a maximum fine of $250,000 (18 U.S.C. § 3571(b)), a mandatory special assessment of $100 (18 U.S.C. § 3013), an assessment of $5,000 on any non-indigent person (18 U.S.C. § 3014), an assessment of not more than $35,000 (18 U.S.C. § 2259A(a)(2)), restitution – currently sought in a total amount of $47,000, and forfeiture of his Samsung Galaxy A14 cell phone.

## II.    Factual Background

Defendant most recently came to the attention of law enforcement in June of 2025, when several CyberTipeline (CyberTip) reports from the

National Center for Missing and Exploited Children (NCMEC) were received by the Indiana State Police (ISP). ISP, working with Homeland Security Investigations (HSI) confirmed that the CyberTips that originated from Kik Messenger contained child pornography, and ultimately a federal search warrant was obtained for the 10 Kik accounts belonging to Defendant. Defendant was distributing child pornography, largely videos, to other Kik users, often for the purpose of obtaining other child pornography. He did so from his family home, in one instance a week prior to Christmas (DE 39, ¶ 54) and in another instance shortly after Easter (*Id.*, ¶ 59), from his place of employment, and while he was traveling for work in both Canada and Florida. The child pornography Defendant distributed involved the sexual abuse of prepubescent minors as young as infants and toddlers, portrayed sadistic or masochistic conduct or other depictions of violence, and totaled more than 600 images under the United States Sentencing Guidelines. Within his Kik accounts were also images of Defendant, including him inside a vehicle with his penis exposed and masturbating.

In addition to Defendant's distribution of child pornography, he chatted with at least 12 purported minors and two purported young adult females with access to minor children. Throughout the chats, Defendant repeatedly asked other users to send him nude images, such as, "Lemme see your ass babe," and a few lines later, "Mmmmm a perfect ass to eat". And added, "Would have loved

3

to fuck you." (DE 39, ¶ 73). Defendant also repeatedly made sexual comments about his nieces, such as "I have a few sexy nieces" and when asked if he has ever spied on them, he replied, "No," "But pool parties are fun." Additionally, he added "Really want to fuck my 14-yr-old-neice's [sic] ass though" (*Id.*, ¶ 17). Over a second account, when asked if he had been with anyone in his family, Defendant replied, "No i [sic] haven't" and "I fantasize about my niece though." (*Id.*, ¶ 22). Over a third account, when asked if he knew anyone in real life that he wanted to destroy, Defendant replied, "Mmm one of my niece's actually," adding that his niece was 16; when the other user stated his niece was 13, Defendant replied, "Even hotter." (*Id.*, 57).

On August 13, 2025, a federal search warrant was executed at Defendant's residence, his person, vehicle, and office. Defendant agreed to provide a statement, during which he admitted to distributing child pornography using the messaging application Kik and further indicated he had been accessing child pornography using Kik for approximately five years (*Id.*, ¶ 67).

## III.   The Sentencing Guidelines

The Presentence Investigation Report (PSR) correctly calculated Defendant's United States Sentencing Guidelines (USSG) total offense level as 37 and it is undisputed by the parties (DE 39). A two-level enhancement applies because the material involved a prepubescent minor or a minor who

had not attained the age of twelve years (DE 39, ¶¶ 45-49, 51-52, 55-58, 61-62). Because Defendant distributed child pornography in exchange for any valuable consideration, a five-level enhancement applies (*Id.,* ¶¶ 74, 85-94), during which Defendant often stated age did not matter to him, or the younger the better. Further, a four-level enhancement applies because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, or infants or toddlers (*Id.*, ¶¶ 46, 51, 55). A two-level enhancement applies because the offense involved the use of a computer (*Id.*, ¶ 67) and a five-level enhancement applies because the offense involved 600 or more images (*Id.*, ¶¶ 8, 10, 12, 14, 18, 20, 24, 26, 39, 30, 32, 45). A three-level reduction applies for Defendant's acceptance of responsibility (*Id.*, ¶¶ 1). The only remaining objection to the PSR does not affect the USSG (DE 40).

## IV.    The Sentencing Factors Under 18 U.S.C. § 3553(a)

The Court "in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that crimes such as [Defendant's] are serious offenses deserving serious sanctions." *United States v. Grigg*, 442 F.3d 560, 564-65 (7th Cir. 2006) (discussing possession of child pornography). Defendant's sentence must provide an accurate reflection of his repeated distribution of child pornography to numerous other Kik users, and his repeated encouragement of minors and young adults with access to minors to produce and send him CSAM for his own sexual gratification. A sentence of

228 months followed by 20 years of supervised release is necessary, appropriate, and no harsher than necessary to accomplish the aims set forth in 18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offense Justify a Lengthy Sentence

The nature and circumstances of Defendant's crime and relevant conduct are troubling and merit substantial punishment. By Defendant's own admission, he was utilizing Kik to access child pornography for approximately five years prior to his date of arrest (DE 39, ¶ 67). This is corroborated by the first CyberTip received by NCMEC on September 18, 2020, related to Defendant (*Id.*, ¶ 6-7). Defendant engaged in additional distribution of CSAM prior to his charged conduct, from June 2024 through November 2024 (*Id.*, ¶¶ 8-13). Defendant created and utilized no less than 10 Kik accounts to access, distribute, and solicit the production of CSAM, and he was convicted of distributing child pornography for the time period of November 22 2024, through on or about May 14, 2025. He utilized Kik for nefarious purposes while traveling for work in Canada and Florida (*Id.,* ¶¶ 13, 16, 26-27, 41-43, 73), and by his own admission to other Kik users, Kik would either close his accounts (*Id.*, ¶ 87), a common occurrence when Kik locates CSAM in user accounts, or he would delete Kik daily (*Id.*, ¶ 94), no doubt in an effort to hide his deplorable crimes and behavior from his family. Defendant's continued exploitation of

6

children can only be prevented by his incarceration.

### B. Defendant's History and Characteristics

Like the majority of non-production child pornography offenders, Defendant has no criminal history. U.S. Sentencing Commission, Federal Sentencing of Child Pornography: Non-Production Offenses, p. 18 (2021) ("In fiscal year 2019, 75.9 percent of non-production child pornography offenders were assigned to Criminal History Category I (the lowest category, requiring no more than one criminal history point). By contrast, 43.8 percent of all other federal offenders were assigned to Criminal History Category I. To add further context, more than two-thirds (69.1%) of non-production child pornography offenders had zero criminal history points compared to roughly a third (32.9%) of all other offenders sentenced in fiscal year 2019.")

Defendant described having a good childhood and reported no history of being abused during his childhood (DE 39, 125). Further, Defendant reported he has a sister (*Id.*, 125), that he is married and has seven children, ranging in age from 2 to 15 (*Id.*, 126).

### C. A Sentence Below the Guidelines Fails to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

Sex crimes against children are undisputedly serious. Defendant's repeated distribution of child pornography images and videos, including sadistic and masochistic videos or other depictions of children in pain,

Defendant's graphic sexual chats with purported minors, and his repeated and persistent demands for child pornography from minors or those with access to minors, is particularly egregious. A substantial sentence is necessary to punish Defendant for the harm he has caused numerous child victims. As the Supreme Court has explained, "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008).

> **D.    A Lengthy Sentence is Necessary to Deter Similar Criminal Conduct and to Protect the Public from Defendant**

A sentence of 228 months will also send a clear message to sexual predators of the severe consequences for harming children in the worst possible way. Congress, the Supreme Court, and the Sentencing Commission find general deterrence to be an important factor when fashioning an appropriate sentence. See e.g., *United States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007) ("The more difficult it is for a person to resist a desire for sexual contact with children, the more likely he is to recidivate, and this is an argument for a longer prison sentence. And on grounds of deterrence as well as incapacitation, for the stronger the impulse to commit a criminal act, the greater must be the threat of punishment in order to deter it."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("The greater concern under the Guidelines is for the welfare of these exploited children.") Beyond his sexual abuse of minors

through distribution of child pornography, Defendant graphically encouraged minors to produce CSAM of themselves and he encouraged young adults to produce CSAM of children to which they had access, to send to him for his own sexual gratification. As shown over his at least five years of criminally abhorrent behavior, incarceration has been the only deterrent from Defendant's continued victimization of society's most vulnerable population.

Regarding specific needs, Defendant's expert advised "Mr. Deckinga should not have access to the internet or be left unsupervised with children or adolescents." (DE 38, p. 20). Defendant reported to Probation that he plans to return to his previous address in Dyer and his wife advised Defendant would be allowed to return to the address upon his release (DE 39, ¶ 124). With seven children, including the youngest currently two years of age, it begs the question, how on earth will Defendant be prevented from having unsupervised access to children or adolescents or the internet when children clearly need it for schooling purposes? A sentence of 228 months is the best assurance that Defendant will not sexually exploit children in the future and will allow approximately sufficient time for his youngest child to no longer be a minor.[2]

V.   **Restitution and Victim Impact Statements**

As of the filing of this sentencing memorandum, the government has

---

[2]   228 months x 0.85 = 193.8 months - 8.5 months (pretrial detention) = 185.3 months / 12 = 15.44 years + 2 years (approximate age from PSR) = 17.44 years.

9

received seven restitution requests, totaling $47,000. The parties filed a Joint Stipulation as to Restitution (DE 33). Additionally, 11 separate victim impact statements have been received and filed with the Court (DE 42). Should the government receive any additional victim impact statements or restitution requests, the parties will be notified.

## VI.    Forfeiture

Defendant's Samsung Galaxy A14 cell phone he used to commit his crime is subject to a Preliminary Order of Forfeiture (DE 26). Publication related to this electronic device expires on May 2, 2026. The Government will file a motion for a final order of forfeiture after May 2.

## VII. Conclusion

Defendant engaged in a prolonged, calculated pattern of activity. His actions were not a few wrong clicks or mistaking a nude 16-year-old for an adult. A sentence of 228 months of imprisonment, 20 years of supervised release, restitution of $47,000, a $100 special assessment under 18 U.S.C. § 3013, and a JVTA assessment of $5,000 under 18 U.S.C. § 3014 is appropriate in this case. The Government will request final forfeiture of the Samsung Galaxy A14 cell phone at a future date.

Respectfully Submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

By: */s/Emily A. Morgan*
Emily A. Morgan
Assistant United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Telephone: (219) 937-5500
Fax: (219) 852-2770
Email: emily.morgan2@usdoj.gov
