April 23, 2026

To: Honorable Philip P. Simon
    United States District Court Judge

Dear Judge Simon:

On March 19, 2026, I emailed a character witness statement to Mr. Peter Boyles, which was then to go to you. Since that email was sent, many of the facts of the case have been brought to my attention and so it is my desire to retract my letter prior to Michael's sentencing on Monday.

Respectfully,

Brian Yonkman

# Fax

| | | | |
|---|---|---|---|
| TO: | Asst US Attorney Emily A. Morgan | FROM: | REDACTED |
| COMPANY: | | COMPANY: | NA |
| FAX: | REDACTED | FAX: | |
| SUBJECT: | Michael Deckinga Urgent | DATE: | Wednesday, April 22, 2026 |

TO: Assistant US Attorney Emily A. Morgan; Honorable Judge Philip P. Simon
RE: Michael Deckinga

Dear Honorable Judge Philip P. Simon,

My name is REDACTED . I am a resident of Saint John and a mother of four young children. While I do not live in the Deckingas' immediate neighborhood, I have close friends who do, and my son played in the same baseball league as Mike Deckinga's children. I attended many games where my own daughter, then a toddler, ran through the crowds laughing. She would have been impossible for any normal-brained adult to miss–let alone a predator.

I am writing this because my mind is spiraling. As a mother with ADHD, my thoughts are heavy, but my intent is clear: I am here to advocate for a lengthy sentence and to address the reality of who Mike Deckinga truly is.

## The "And" Theory and Brain Development

I have spent over five years in therapy and have a deep interest in how the brain functions. While I am not a psychologist, I study the development and structure of the brain because I value logic. This brings me to the "And" Theory. A person can be a devoted parent **and** a predator. They can feel love for their family and experience immense gratitude during the birth of their firstborn **and** be a pedophile. Most humans are gray and messy, but the only thing black and white here is that Mike Deckinga is a predator. The character statements written on his behalf seem to be in total denial of this science. We need more overlap between psychology and the law; we must look at how a predator's brain is structured and how it doesn't just "change" through simple willpower.

## The Failure of Religious and Institutional Support

As a woman of faith who teaches her children about God, I am gutted by the letters written by "God-fearing" people on Mike's behalf. We considered sending our children to Crown Point Christian, but we never will now. I believe the parents at that school have a right to know that members of their staff support a man like Mike. It is deeply concerning that the head of the school would back him so strongly; it makes one wonder if there is a fear that Deckinga could take others down with him.

## Divine Forgiveness vs. Judicial Responsibility

Your Honor, if faith is a part of your life, I want to address the idea of mercy. A lengthy sentence does not determine God's forgiveness–that is between Mike and the Lord. However, by releasing him early, the court **would** be making a decision on redemption that isn't ours to make. God gave us a voice, logic, and the option to protect our people. We can be religious and still see that justice must play out to protect the innocent. We cannot offer him "grace" at the expense of our children's safety. Faith is not a shield for predatory behavior, and it is dangerous to suggest that "the Lord" is a substitute for the safety of our children and the justice required by the law.

**The Psychological Toll of "Miraculous Cures"**

I feel compassion for Mike's wife, but I am disgusted that he is still allowed to play a role in their children's lives. Mental abuse causes more structural damage to a person's brain than physical abuse. These children are being brainwashed into believing their father can be "miraculously cured." When they eventually learn the truth, that mental damage will be catastrophic. Their sense of right and wrong is being harmed by their mother. While you cannot order the mother to seek therapy, you can keep the father out of their lives until they are adults who can choose to see him on their own. You have a chance to help or hinder their sense of right and wrong. While they are forever affected by this, every little thing matters moving forward. Unfortunately, that is dependent on the length of his sentence because their own mother is not leading them in a mentally healthy direction. If he has a shortened sentence, they will grow up knowing their mother allowed a predator back into their home, destroying their lives before they've even begun.

**The Distinction Between Shame and True Remorse**

The support letters mention "shame" frequently, but shame is easy–it's about his own reputation. True remorse requires guilt, which is crippling. True change is not pleasant, it does not look like daily devotionals, and it is not a million apologies. True change is messy, hard, and for someone like him, nearly impossible. God made true change that difficult for a reason: to prevent such heinous sins. Until Mr. Deckinga feels a guilt so strong that he physically convulses at the thought of a child in any other manner than a child, he has not changed. Not a single person described a man who is physically ill over his preferences or even remotely empathetic to the victims. Sure, remorse is subjective, but what is not is when the mind finds true empathy and understanding, it is too much for the body to handle.

**The Reality of the Offense**

Finally, I must address his own words regarding his desire to "destroy" his 14-year-old niece. It is jaw-dropping that nobody in those character statements addressed that fact. I hope they simply didn't have the facts, because if they did, their support is an indictment of their own character. That young girl deserves a justice system that recognizes the monster for who he is.

Please do not let the "good man" persona cloud the structural reality of a predator's brain. I urge you to deliver a lengthy sentence that reflects the gravity of these crimes and protect the rights of all of our children.

Respectfully,

REDACTED *Please block out my name and email if this letter will be used for public viewing*

April 22, 2026

Honorable Judge Simon:

This letter is regarding United States v. Deckinga, Case No. 2:25-cr-00085. I am writing as a member of the affected community.

Please give Mr. Deckinga the maximum sentence possible for his crimes. He is not only a child predator, but also a masterful manipulator. Do not allow him to hurt any more children ever again. Please provide justice for those whom he has hurt--the children, their families and friends. The trauma that each person has endured has a ripple effect. Not only did it affect each child, but it will affect their future relationships and how they experience life.

Mr. Deckinga is not an amazing godly man of integrity. He is an evil manipulator. He is a dangerous man who led a double life. Please protect our community from him.

Thank you for serving the United States of America. Thank you for providing justice.

Sincerely,

Brooke Holleman

Dear Honorable Judge Simon,

I am writing to ask for justice for the victims of Michael Deckinga's crimes. Although his family may desire him back in the community, the community does not.

Unfortunately, although he appeared to many as a good father and an upstanding citizen, it is clear due to the nature and degeneracy of his crimes that he was and is not. Because of his manipulation and ability to maintain a facade, he is all the more dangerous to the community. He was able to hide in plain sight.

Additionally, I believe that allowing him a lighter sentence will only embolden others like him to continue in their crimes, knowing that if they are caught, their "church community" will support them.

It is important to me to advocate for justice for the victims. I have seen lives shattered by this type of crime. Even though we don't know the victims, they are real people, and their pain matters. His attendance in church, or planning of vacations for his family, or generosity does not negate his horrendous and hurtful actions. The number of children he has and the instruments he can play do not diminish the sickness of the crimes he committed against the women and children in the videos and pictures.

Therefore, even though Michael Deckinga's family and some of his church community desire a light sentence and quick release, I believe it is in the best interest of the community at large and the victims that the maximum sentence be served as true justice and a deterrent against other predators.

Thank you for serving in our courts and taking the time to read this.

Anna Lenting

April 22, 2026

TO:    Honorable Judge Simon
RE:    USA vs Michael Deckinga

After reading letters Mr. Deckinga's family has written to the court, I would like them to know he is not the man they thought he was. He has obviously been living a much darker life all the while "pretending" to be a Godly man.

I am sickened when reading transcripts of his many evil messages. The real victims are the children he used, watched, and made money from! That is pure evil & against our United States of America's laws. I am so thankful for the FBI protecting children from such predators.

I ask that you do not show this man leniency but judge him according to any person who is convicted with evidence and pleads guilty to this crime. Please think of the innocent victims whose lives will never be the same because of men like him.

Thank you,
Mr. & Mrs. H. Rispens

Your Honor,

I am writing to share the impact that Michael Deckinga's actions have had on our community.

I am a resident of Dyer and a grandparent of seven grandchildren in this region. Two of my grandchildren attend the same school as Michael's children. I respectfully ask the Court to consider the broader impact these actions have had beyond the charges themselves.

Crimes involving the exploitation of vulnerable children cause profound harm not only to victims, but also to the sense of safety and trust within a community. As a grandparent and community member, these actions are deeply disturbing. I respectfully urge the Court to consider a sentence that reflects the seriousness of these offenses and provides accountability, including the full sentence allowed.

I offer this statement respectfully for the Court's consideration.

Thank you for your time and consideration.

Respectfully,

Kristen Crider

I am writing to express my deep concern regarding the case of Michael Deckinga who has pleaded guilty to an unthinkable and deeply disturbing crime. While no sentence can undo the harm that has been caused to these poor innocent children. The outcome of this case will send a powerful message about the value placed on justice, accountability, and the safety of our community.

Given the severity and nature of this offense, I strongly urge you to pursue and impose the maximum sentence allowed under the law. This is not only a matter of justice for the victim(s), but also a critical step in protecting others from potential harm. Individuals who commit crimes of this magnitude demonstrate a profound disregard for human dignity and safety, and it is essential that the legal response reflects the seriousness of that reality.

A firm and decisive sentence serves multiple purposes: it honors the victims, reinforces the standards of our community, and acts as a deterrent to others who might consider similar actions. Most importantly, it helps ensure that our community is safeguarded from further danger.

I respectfully ask that you consider the broader impact this case has on public trust and community well-being. A strong, maximum sentence would provide reassurance that justice is being upheld and that the safety of innocent individuals remains a top priority.

Thank you for your time and for your commitment to justice.

Sincerely,


An extremely concerned citizen

April 23, 2026

Honorable Judge Simon,

I am writing regarding United States v. Deckinga, Case No. 2:25-cr-00085. I submit this letter as a member of the affected community and as a survivor of childhood sexual abuse.

Offenses involving the sexual exploitation of children result in profound and long-lasting harm, not only to individual victims but also to families and communities. The concept of remediation, while central in many areas of law, is inherently limited in this context. The losses suffered by survivors—including loss of safety, stability, mental health, and familial relationships—are not readily restored.

In my own experience, the effects of such abuse have been severe and enduring:

- My mother remained with the perpetrator, who was my step-parent. My father is deceased, and I no longer have parental support.

- Other siblings were also victims and experienced prolonged abuse, resulting in lasting personal and health consequences.

- The shared trauma has significantly impaired my ability to maintain relationships with my siblings.

- The perpetrator expressed remorse and claimed reform, yet continued abusive conduct. I later learned this after he harmed my own child, underscoring the difficulty in relying on representations of rehabilitation in such cases.

- I have experienced abusive relationships in adulthood, a pattern that is not uncommon among survivors of early trauma.

- My marriage ultimately ended in the context of abuse and substance misuse.

While personal faith has been a source of resilience, it does not diminish the necessity of accountability. Forgiveness, where it exists, does not substitute for the Court's responsibility to impose a sentence that reflects the seriousness of the offense and protects the public.

Given the nature of these offenses, I respectfully urge the Court to prioritize the protection of children and the broader community in its sentencing determination. In my view, a substantial term of incarceration is warranted to mitigate the risk of recidivism and to serve the interests of deterrence and public safety. Individuals who engage in sexual offenses against minors present a continuing risk, and the effectiveness of treatment interventions remains uncertain.

I further request that the Court consider measures that promote community safety and awareness, including:

- Encouraging evaluation and support for any children who may have been in proximity to the defendant

- Promoting education within community institutions, including schools and religious organizations, regarding abuse detection and prevention

- Recognizing that perpetrators may occupy positions of trust, which can obscure misconduct and delay detection


I acknowledge that members of the defendant's family have expressed support for him. However, it is important to recognize that these offenses frequently cause significant and lasting harm not only to victims but also to families and communities.

Many victims are unable to report abuse at the time it occurs, and the consequences often emerge years later with substantial impact on their lives. Accordingly, preventative measures and protective sentencing are critical.

While no sentence can restore what has been lost to survivors, the Court's decision can serve to protect others and reinforce the seriousness of these offenses.

Thank you for your consideration.


Respectfully,

Anonymous Community Member