**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | **CASE NUMBER: 2:25CR85-001** |
| | **USM Number: 02355-512** |
| **vs.** | |
| **MICHAEL DECKINGA** | **PETER L BOYLES - FCD** |
| **Defendant.** | **DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count 1 of the Indictment on January 20, 2026.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:2252(A)(a)(2)(A) and (b)(1) DISTRIBUTION OF CHILD PORNOGRAPHY and FORFEITURE ALLEGATIONS | May 2025 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

April 27, 2026
_____
Date of Imposition of Judgment

s/ Philip P. Simon
_____
Signature of Judge

Philip P. Simon, United States District Judge
_____
Name and Title of Judge

April 29, 2026
_____
Date

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 months.**

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated at the federal facility located in Milan, Michigan.

That the defendant shall be given credit for all time served.

That the defendant be permitted to participate in the Resident Sex Offender Treatment Program while incarcerated.

That the defendant be allowed to participate in the Prison Industries Program.

That the defendant be allowed to be a participant in the Residential Re-entry Program as soon as he becomes eligible for it.

The defendant is REMANDED to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                              Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **15 years.**

Within 72 hours of the judgment or after the defendant's release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m.  While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

1.      Defendant shall not commit another federal, state or local crime.

2.      Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3.      The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4.      Defendant shall cooperate in the collection of DNA as directed by the probation officer.

5.      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq), as directed by the probation officer, the Bureau of Prisons, and any state sex offender registration agency in which he resides, works, or is a student, or was convicted of a qualifying offense.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1.      The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the federal judicial district at the start of supervision.

2.      The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Thereafter, the defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3.      The defendant shall not knowingly answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4.      The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                                Page 4 of 7

5.    The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as childcare, elder care, disability, age or serious health condition.

6.    The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job.  In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7.    The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when he is present, the defendant must immediately leave the location.

8.    The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

9.    The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10.    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11.    The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

12.    The defendant shall notify the probation officer within 72 hours of any material change in his economic circumstances that might affect his ability to pay any unpaid amount of restitution and fines. Additionally, the defendant shall provide a probation officer with specific financial information regarding the defendant's ability to pay restitution, forfeiture, or a fine, upon a written or oral request by a probation officer, made to and approved by the Court. The request must be prompted by the defendant's failure to comply with a payment schedule ordered for a period of 60 consecutive days, and the request must describe the specific financial information needed for determining the defendant's current ability to pay.

13.    The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

**Conditions relating to sex offenders**

14.    The defendant shall, if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                                    Page 5 of 7

15.     Defendant shall not knowingly and intentionally: (1) go to places where children/girls under the age of 18 congregate; or (2) associate or have verbal, written, telephonic, or electronic communication with any children/girls under the age of 18 without the prior permission of the probation officer.  This condition does not encompass children/girls under the age of 18 with whom defendant must deal to obtain ordinary and usual commercial services.

16.     The defendant shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders. This may include sex-offender group and/or individual counseling.  The defendant shall comply with all of the requirements and restrictions of that program and pay the costs associated with this rehabilitative program if financially able to do so.  Failure to pay due to financial inability to pay shall not be grounds for revocation.

17.     Defendant must allow the probation officer, or designee, to install computer monitoring software on any computer (as defined in 18 U.S.C. 1030(e)(1)) and cell phone he uses. The Defendant must pay the cost of the monitoring software and installation, if financially able to do so, at the monthly contractual rate.

**Conditions relating to financial crimes**

18.     The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the installment payment schedule imposed for payment of restitution and/or a fine.

**Restitution and fines**

19.     The defendant shall commence restitution payments in the manner and schedule as determined by the Court. The imposed payment schedule will remain in effect until such time as the defendant, victim, or government notifies the Court that there has been a material change in the defendant's ability to pay. Restitution shall be paid at a minimum rate of $100 per month commencing one month after placement on supervision until said amount is paid in full.

20.     The defendant is advised that he may pay any portion of this fine/restitution from any wages earned in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program. The defendant is also advised that participation in the program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the fine/restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

        Based on a thorough review of the defendant's financial condition as detailed in the presentence report, the Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

        The defendant shall pay to the United States a total special assessment of $100, which shall be due immediately. (18 U.S.C. §§ 3013.)

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                              Page 6 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution | Total JVTA Assessment** |
|---|---|---|---|
| $100 | NONE | $50,000 | $5,000 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $50,000 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.

The Court ORDERS defendant Michael Deckinga to pay $3,000 each in victim restitution to the victims identified as "Ali", "Audrey", Layla", and "SV" ; $8,000 in victim restitution to the victim identified as "Posey" and $10,000 each in victim restitution to the victims identified as "April", "Maria" and "Sloane" for a total restitution amount of $50,000, payable to the Clerk of the Court.

For "Ali" payments should be made to "Moore & Van Allen PLLC (Ali)";

For "Audrey", payments should be made to "Baker & Hostetler, LLP, ITF "Audrey",

For "Layla" payments should be made to "Onderlaw, LLC, ITF "Layla";

For "SV", payments should be made to "Jones Day on Behalf of SV";

For "Posey" payments should be made to "Restore the Child I/T/F Posey";

For "April" payments should be made to "Restore the Child in Trust for April";

For "Maria" payments should be made to "Carol L. Hepburn ITF Maria";

For "Sloane" payments should be made to "Carol L. Hepburn ITF Sloane".

Case Number: 2:25CR85-001
Defendant: MICHAEL DECKINGA                                                      Page 7 of 7

Name:<u>MICHAEL DECKINGA</u>
Docket No.:<u>2:25CR85-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein.  These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                                 Date


_____          _____
U.S. Probation Officer/Designated Witness                        Date